IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD E. LOWERY,** | |
| Plaintiff, | |
| v. | Case No. 19-cv-01014-NJR |
| **MICHAEL VINSON, and KEVIN KAKAC,** | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Donald Lowery brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for violations that occurred while he was a pretrial detainee at the Wayne County Jail. He seeks monetary damages and release from custody.[1]

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### COMPLAINT

Lowery alleges that while in custody on for an unrelated criminal charge at the

---

[1] At the time of filing, Lowery was being held at the Wayne County Jail. On March 31, 2020, he filed a notice informing the Court that his addressed has changed. He plead guilty to criminal charges and has been released until sentencing. (Doc. 12).

Wayne County Jail, he was interviewed by Detective Michael Vinson on July 24, 2018. (Doc. 1, p. 6). During the interview he requested an attorney three times, but Vinson ignored his requests and continued with the interrogation. (*Id.* at p. 8). He was then indicted by State's Attorney Kevin Kakac, who submitted the interview into evidence. (*Id.*).

## PRELIMINARY DISMISSALS

In addition to money damages, Lowery requests dismissal of all pending criminal charges and release. Although the status of his criminal case relevant to his Section 1983 claims is not clear, he cannot use Section 1983 to attack pending criminal charges or seek release from confinement. This relief is unavailable under Section 1983. Lowery should instead pursue all available defenses in his pending criminal case. He may also challenge the fact or duration of his confinement by filing a petition for a writ of habeas corpus in state or federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). This order does not preclude him for taking either action. The Clerk of Court shall send to Lowery a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus form.

The Court also finds that Kevin Kakac has absolute immunity and will be dismissed from this action. It is well-settled law that "[i]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [Section] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Seventh Circuit has explained that "[p]rosecutors are absolutely immune from liability for damages under [Section] 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citations omitted). "Absolute

immunity shields prosecutors even if they act 'maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence.'" *Smith v. Power,* 346 F.3d 740, 742 (7th Cir. 2006) (quoting *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986)). Lowery claims that State's Attorney Kevin Kakac violated his constitutional rights when Kakac "put that interview into evidence[.]" (Doc. 1, p. 6). Placing the interview into evidence is an action relevant to a prosecutor's ability to conduct a trial, and Lowery does not include allegations in the Complaint that Kakac acted outside the scope of his duties in pursing a criminal prosecution against him. Therefore, the claims against Kevin Kakac are dismissed.

Finally, Lowery claims that his rights were violated under the equal protection clause. (Doc. 1, pp. 7, 9). He offers no additional facts in support of this claim, and so, the claims of equal protection violations shall be dismissed. *See Ashcroft v. Iqbal,* 556 U.S. 662, (2009) (the court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements."). *See also Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the claims into the following Counts:

**Count 1:** Fifth Amendment and Sixth Amendment claim against Vinson for denying Lowery counsel during an interview and using the interview as evidence in his criminal proceedings.

**Count 2:** Fourth Amendment claim of unlawful detention.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned**

**in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

## Count 1

"The Fifth Amendment, made applicable to the States by the Fourteenth Amendment, *Malloy v. Hogan,* 378 U.S. 1 (1964), requires that '[n]o person … shall be compelled in any criminal case to be a witness against himself.'" *Chavez v. Martinez,* 538 U.S. 760, 766 (2003) (quoting U.S. CONST., amend. V). The Supreme Court has held, however, that a complaint must be dismissed where "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Lowery claims that his Fifth Amendment right against self-incrimination was violated when Vinson interrogated him after he requested counsel. Because Lowery claims he has since plead guilty to criminal charges, it is not clear at this stage whether Lowery's conviction rests on his guilty plea or on the admissibility of the interview, and thus, Count 1 relating to Lowery's claims under the Fifth Amendment survives screening. *See Franklin v. Burr,* 535 F. App'x 532, 533 (7th Cir. 2013) (where plaintiff's conviction rests on his guilty plea and not the admissibility of any particular evidence the claim is not barred by *Heck*). *See also Wallace v. City of Chi.*, 440 F.3d 421, 426 (7th Cir. 2006) (claims attacking a false confession do not necessarily imply the invalidity of a conviction); *but see Somberger v. City of Knoxville,* 434 F.3d 1006, 1024-25 (7th Cir. 2006) ("a violation of Miranda safeguards cannot provide the basis of § 1983 liability without the use of a

---

[2] *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 570 (2007).

suspect's statements against him in a criminal case.").

Lowery's claim he was denied counsel under the Sixth Amendment, however, is dismissed. The Sixth Amendment does not attach until the initiation of adversarial criminal proceedings, *Kirby v. Ill.,* 406 U.S. 682, 689 (1972), and custodial interrogation conducted before charging does not violate a defendant's Sixth Amendment right to counsel. *See Watson v. Hulick,* 481 F.3d 537, 542 (7th Cir. 2007) (citing *Moran v. Burbine,* 475 U.S. 412, 428-32 (1986)). Lowery claims he was questioned without counsel present while in custody for another crime. He does not allege that at the time of the interview adversary judicial proceedings had commenced regarding the alleged crimes that were the topic of the interview. Therefore, his Sixth Amendment claims are dismissed.

**Count 2**

Lowery claims that he believes has been detained illegally since November 1, 2018, when he was released on his own recognizance in a previous case but remained in custody. (Doc. 1, p. 7). This claim lacks sufficient factual support in the Complaint to proceed under the pleading standard set forth in *Twombly*. Lowery relies on the conclusory assertion that he has been unlawfully detained for the last two years and omits basic information, such as how his detention is related to the interview where he was denied an attorney and which defendant he asserts this claim against. *See Iqbal,* 556 U.S. at 678 (2009).

Lowery also argues that his Fourteenth Amendment rights have been violated. Not only does he not elaborate on this claim, but the Court notes that claims for unlawful pretrial detention rests exclusively on the Fourth Amendment. *Lewis v. City of Chi.,* 914 F.3d 472, 478 (7th Cir. 2019) (citations omitted). Any claims for unlawful detention under

the Fourteenth Amendment due process clause are also dismissed.

For these reasons, Count 2 is dismissed.

## YOUNGER STAY

The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971) that "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien,* 711 F.3d 751, 753 (7th Cir. 2013). A federal court may raise a *Younger* abstention issue and stay the case *sua sponte. Barichello v. Mcdonald,* 98 F.3d 948, 955 (7th Cir. 1996). Because it is not clear whether or not the criminal prosecution against Lowery has concluded and a final judgment has been entered, the Court will not stay the case at this time. Once Defendant Vinson is served, he may file the appropriate motion if needed.

## MOTIONS FOR RECRUITMENT OF COUNSEL

Lowery's Motions for Recruitment of Counsel (Docs. 3 and 14) are **DENIED** without prejudice. When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Lowery's motions do not state that any effort was made to obtain counsel. He claims that because he is incarcerated and indigent he has "no means to get any outside help." (Doc. 3, p.1). This is not sufficient for the Court to concluded that he has been effectively precluded from attempting to obtain counsel. The fact that he is incarcerated and indigent is not unique to Lowery as a *pro se* litigant and does not necessarily warrant recruitment of counsel at this time. Therefore, the Court finds that he

has failed to meet his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). Should Lowery choose to move for recruitment of counsel at a later date, the Court directs him to include in the motion the names and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation.

## PENDING MOTIONS

Lowery's Motion for Status (Doc. 12) is **DENIED** as **MOOT**, in light of this Order. The Motion to Put Into Evidence (Doc. 9) is **GRANTED**. The Clerk of Court is **DIRECTED** to refile page 3 of Doc. 9, as an exhibit to the Complaint (Doc. 1).

In addition to requesting the status of his case and for an additional page to be added into evidence, in both motions Lowery adds claims against the judge in his criminal proceedings and additional allegations regarding his criminal prosecution. Lowery is attempting to add to his original complaint in a piecemeal fashion and this is not permitted. Although leave to amend a complaint is usually granted freely at the early pleading stage, the Court does not accept piecemeal amendments to a complaint. Lowery is advised that an amended complaint must include all claims against all defendants. An amended complaint also supersedes and replaces the original complaint, rendering it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Accordingly, to the extent Lowery is seeking to amend the Complaint, the request is **DENIED**.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against Vinson, and **Count 2** is

**DISMISSED.** Defendant Kevin Kakac is **DISMISSED**, and the Clerk of Court is **DIRECTED** to terminate him as a defendant in this action. The Clerk is also **DIRECTED** send to Lowery a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus form.

The Motion for Status (Doc. 12) is **DENIED** as **MOOT**, in light of this Order. The Motion to Put Into Evidence (Doc. 9) is **GRANTED**. The Clerk is **DIRECTED** to refile page 3 of Doc. 9, as an exhibit to the Complaint (Doc. 1). The Motions to Appoint Counsel (Docs. 3 and 14) are **DENIED without prejudice.**

The Clerk shall prepare for **Vinson** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1) and this Memorandum and Order to Vinson's place of employment as identified by Lowery. If Vinson fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Vinson to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Vinson can no longer be found at the work address provided by Lowery, the employer shall furnish the Clerk with his current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Vinson is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Vinson need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Lowery, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lowery is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b)

**IT IS SO ORDERED.**

DATED: April 13, 2020

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Lowery is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. Lowery need not submit any evidence to the Court at his time, unless otherwise directed by the Court.