# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD E. LOWERY, #M17989, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL VINSON, <br><br> Defendant. | Case No. 19-cv-01014-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On June 8, 2021, Defendant Vinson filed a motion for summary judgment (Doc. 43). Unfortunately, however, the motion and the brief did not include the required Federal Rule of Civil Procedure 56 notice.

As a *pro se* litigant, Donald Lowery is entitled to notice of the consequences for failing to respond to a motion for summary judgment. *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). To that end, Federal Rule of Civil Procedure 56 provides, in pertinent part the following:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or part of each claim or defense – on which the summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
> \*\*\*
> **(c) Procedures.**
>
> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

**(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** ***Materials Not Cited.*** The court need only consider the cited materials, but it may consider other materials in the record.

**(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
\*\*\*

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

This rule provides that any factual assertion or statement made in the movant's affidavits and/or other documentary evidence may be taken as true by the Court *unless* the non-movant (Lowery) contradicts the movant with counter-affidavits and/or other documentary evidence. Lowery may not rely on the allegations in the pleadings to support his claim; rather he must show by affidavit or other documentary evidence that there is a genuine dispute as to a material fact. If Lowery does not respond to the motion for summary judgment with affidavits or other documentary evidence, the Court may grant judgment in favor of Defendant and terminate this

entire action. Further, the failure to file a response within the deadline "may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c)(1).

In light of this Order, Lowery will be given additional time to respond. A response to the motion for summary judgment is due on or before **August 3, 2021**.

**IT IS SO ORDERED.**

**DATED:   July 2, 2021**

                                         *s/Stephen P. McGlynn*
                                       **STEPHEN P. MCGLYNN**
                                       **United States District Judge**