IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD E. LOWERY, #M17989,

    Plaintiff,

v.

MICHAEL VINSON,

    Defendant.

Case No. 19-cv-01014-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Defendant Michael Vinson's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. (Doc. 43). Plaintiff Donald Lowery responded and submitted several exhibits. (Docs. 49, 62). Plaintiff also filed a motion seeking monetary relief. (Doc. 51). For the reasons set forth below, both motions will be denied without prejudice and this case will be stayed pending the outcome of Plaintiff's state court criminal proceedings.

### BACKGROUND

Plaintiff is a state prisoner in the custody of the Illinois Department of Corrections, serving a 10-year sentence imposed in Wayne County Case No. 18-CF-122.[1] He brought this action pursuant to 42 U.S.C. § 1983 in September 2019, while he was a pretrial detainee at the Wayne County Jail, claiming that his constitutional rights were violated by Defendant, a police detective, during a custodial interrogation. (Doc. 1). Subsequent to filing this action, Plaintiff notified the

---

[1] Conviction and sentence information is according to the Individuals in Custody search page of the Illinois Department of Corrections, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Feb. 24, 2022). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Court that on March 2, 2020, he pled guilty to a criminal charge. (Doc. 12, p. 3).

After conducting a threshold merits review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with his claim in Count 1 against Defendant for denying Plaintiff's request for counsel during an interview and using the interview as evidence in his criminal proceedings, in violation of the Fifth Amendment. (Doc. 15, pp. 3-5).[2] At that time, the Court noted that the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), could be a bar to Plaintiff's claim, but allowed the case to proceed because it was not clear from the Complaint whether his conviction was based on his guilty plea or on the admissibility of the interview in his criminal case. (Doc. 1, p. 4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. "Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012) (quoting FED. R. CIV. P. 56(a)). *Accord Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is filed, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. *Accord Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017).

In assessing a summary judgment motion, the Court views the facts in the light most

---

[2] The Court dismissed the portion of Count 1 based on denial of counsel under the Sixth Amendment. Count 2 for unlawful detention was dismissed, as was a second Defendant. (Doc. 1, pp. 2-3, 5-6).

favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Donahoe*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving her the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in her favor." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

## RELEVANT FACTS

The Complaint alleges that while Plaintiff was in custody on an unrelated criminal charge[3] at the Wayne County Jail, Defendant interviewed him on July 24, 2018. (Doc. 1, p. 6). Plaintiff claims that during the interview he requested an attorney three times, but Defendant ignored his requests and continued with the interrogation. (Doc. 1, p. 8). The interview concerned Plaintiff's alleged misconduct with two minors, identified as K.I. and C.C. (Doc. 43, p. 3; Doc. 43-1). Based on that interview, Plaintiff was indicted in two new criminal cases, Wayne County Case No. 2018-CF-121 regarding K.I., and Wayne County Case No. 2018-CF-122 regarding C.C. (Doc. 1, p. 8; Doc. 43, p. 4).

After criminal charges were filed, Plaintiff filed a motion to suppress his statements made in the interview with Defendant, but the motion was never ruled upon before Plaintiff pled guilty to a charge involving C.C. (Doc. 43, pp. 11-12). Plaintiff's negotiated plea was accepted on March 2, 2020 in Case No. 2018-CF-122. (Doc. 43, p. 11; Doc. 43-2; Doc. 43-3; Doc. 43-4). He pled guilty to Count III of the information, the Class 1 felony of Indecent Solicitation of a Child, in exchange for dismissal of Case No. 18-CF-121 and another case (18-CF-92), and a 10-year cap on his sentence.[4] (Doc. 43-2, pp. 3-4). Plaintiff was released from custody pending sentencing. *Id.*

---

[3] Plaintiff had turned himself in to face a charge of failure to register as a sex offender. (Doc. 43, p. 3).
[4] Plaintiff would have faced a sentence of up to 15 years without the agreement. (Doc. 43-2, p. 4).

Plaintiff was deposed for this case on March 1, 2021. (Doc. 43, pp. 14-16; Doc. 43-5). He admitted that he had pled guilty to touching C.C. (Doc. 43-5, pp. 7-9 (pp. 27-33 of transcript)). However, he denied that he actually touched her. (Doc. 43-5, pp. 6-7 (pp. 24-25, 27 of transcript)). Plaintiff also testified that he planned to withdraw his guilty plea as soon as he was sentenced, based on the violation of his constitutional rights that occurred during Defendant's interview of him. (Doc. 43-5, pp. 4, 10 (pp. 15, 38 of transcript)). He said the only reason he pled guilty was to get out of jail because his sister had just died and he had been detained for 20 months. (Doc. 43-5, pp. 4, 10 (pp. 15, 40 of transcript)). Under questioning by Defendant's attorney, Plaintiff admitted that during the interview, Defendant did not abuse him or threaten him or his family. (Doc. 43-5, pp. 13-14 (pp. 52-53 of transcript)). The interview transcript demonstrates that Defendant did not terminate the interview after Plaintiff asked for a lawyer, and Plaintiff continued to talk to Defendant. (Doc. 43-1, pp. 6-12 (pp. 24-45 of transcript)).

Plaintiff submitted a copy of a notice from Wayne County Case No. 2018-CF-122 showing that on May 17, 2021, he filed a motion to withdraw his guilty plea. (Doc. 62, p. 1). Online records of the Wayne County Circuit Clerk show that new counsel was appointed for Plaintiff and the motion to withdraw plea remains pending, with the next status hearing set for March 8, 2022.[5]

## DISCUSSION

Defendant raises two arguments for summary judgment: Plaintiff's claim for damages is barred by *Heck v. Humphrey*, and no constitutional violation occurred during the July 24, 2018 interview. (Doc. 43, pp. 16-18). On the second issue, Defendant admits that Plaintiff requested a lawyer during the interview but asserts that he then voluntarily continued to discuss the allegations.

---

[5] Wayne County, Illinois Case Search, https://www.judici.com/courts/cases/case_search.jsp?court=IL096015J (last visited Feb. 24, 2022). Courts can judicially notice electronic court docket information as public records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d at 930.

(Doc. 43, p. 6). Defendant further argues that Plaintiff requested a lawyer when he was asked about K.I., but never asked for a lawyer when discussing C.C. (Doc. 43, pp. 6, 11, 16-17; Doc. 43-1, p. 7 (p. 27 of transcript)). Plaintiff does not present any counter-arguments to the *Heck* issue, but reiterates that Defendant did not stop questioning him after he requested a lawyer and refused his request. (Doc. 49, pp. 2-3, 5-7). He asserts that Defendant later presented Plaintiff's statements to the grand jury. (Doc. 49, pp. 4, 8).

In *Heck*, the Supreme Court held that a § 1983 action for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not cognizable until the conviction or sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 487. The *Heck* court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

At this juncture, Plaintiff stands convicted of the offense involving C.C. based on his guilty plea – but he is attempting to withdraw that plea in an ongoing state court proceeding. Plaintiff cannot presently show that his conviction has been invalidated, but that is a possible outcome. If he succeeds in withdrawing his plea, he may face a trial where the admissibility of his interview

with Defendant will likely be at issue.[6] A trial could, of course, result in either conviction or acquittal.

The Court previously observed that a claim for violation of the right to avoid self-incrimination may not be barred by the *Heck* doctrine where the conviction was based on a guilty plea and the allegedly invalid confession was not used in the criminal proceeding. *See Franklin v. Burr*, 535 F. App'x 532, 533-34 (7th Cir. 2013); (Doc. 15, p. 4); *see also Taylor v. City of Chicago*, 80 F. Supp. 3d 817, 824-26 (N.D. Ill. 2015). Under this authority, *Heck* does not require dismissal of Plaintiff's Fifth Amendment claim at this time. However, the applicability of the *Heck* bar may change if Plaintiff succeeds in withdrawing his guilty plea and is subsequently convicted based on the statements he made in the interview.

Turning to Defendant's argument that he did not violate Plaintiff's Fifth Amendment rights during the 2018 interview, it appears that this will be a key issue for the state court to resolve if Plaintiff is permitted to withdraw his plea. As such, it would be inappropriate for this Court to rule on that issue now. Under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must not take jurisdiction over a federal constitutional claim that might interfere with ongoing state court proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). As in *Gakuba*, Plaintiff's state proceeding is still ongoing, and a ruling by this Court on the constitutionality of Defendant's continued questioning of Plaintiff in the interview which forms the basis of his claims here could undermine the state court's consideration of the same issue. In this situation, the federal court should stay the civil rights claim rather than dismiss it, and may do

---

[6] Plaintiff submitted a copy of his motion to suppress his statements in the July 24, 2018 interview, which was filed in December 2018 but never ruled on. (Doc. 62-1, pp. 4-8). The motion rests on the same allegation Plaintiff makes in this civil rights case, that Defendant violated his constitutional right to remain silent and avoid self-incrimination after Plaintiff invoked his right to counsel during a custodial interrogation. The Wayne County Circuit Court's online docket indicates that another motion to suppress is one of the matters pending in that court.

so *sua sponte*. *See Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996).

The Court concludes that a stay of this case pursuant to *Younger* is warranted. Further, given that the outcome of Plaintiff's motion to withdraw his guilty plea is not yet known, nor is the ultimate disposition of his criminal case if his plea is withdrawn, the present motions will be denied without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (Doc. 43) and Plaintiff's Motion for Monetary Relief (Doc. 51) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pursuant to *Younger v. Harris* pending the outcome of Plaintiff's state criminal proceeding in Wayne County Case No. 2018-CF-122. The parties are **ORDERED** to submit a status report on or before **April 1, 2022**, to inform the Court of any ruling on the motion to withdraw guilty plea, the status of any other pending motions, the date for any future scheduled hearing(s) or trial, and shall attach any written orders granting or denying such motions to the status report.

**IT IS SO ORDERED.**

**DATED: February 28, 2022**

*/s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**